CHARLES E. RUBEN, ESQ., State Bar #54456
LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
SUITE 1840
11111 SANTA MONICA BOULEVARD
LOS ANGELES, CALIFORNIA 90025-3333
TEL (310) 445-4101  FAX (310) 445-4108
CHARLES@CHARLESRUBENLAW.COM

[SPACE BELOW FOR FILING STAMP ONLY]

Attorneys for Defendant in Interpleader
and Crossclaimant, Anthony A. Allen

# UNITED STATES DISTRICT COURT

# WESTERN DIVISION

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INSTITUTE OF THE ARTS, in its Capacity as Plan Administrator of the California Institute of the Arts Retirement Plan, | CASE NO. 2:16-CV-07284-DSF (JCX) |
| | **Hon. Dale S. Fischer** |
| Plaintiff, | FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN |
| v. | |
| ANTHONY A. ALLEN, an individual, and JEFFREY P. ANGWIN, as Trustee of the Susan E. Allen Trust, Dated August 7, 2015, and, | |
| Defendants in Interpleader. | (DEMAND FOR JURY TRIAL) |
| ANTHONY A. ALLEN, | |
| Crossclaimant, | |
| v. | |
| JEFFREY P. ANGWIN, individually and as Trustee of the Susan E. Allen Trust, dated August 7, 2015 | |
| Cross-defendant. | |

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

1

Allen/Plead/
First Amended Answer.-020117.wpd

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

## FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW the Defendant in Interpleader, ANTHONY A. ALLEN (hereinafter "Mr. ALLEN" or "Defendant") , who hereby answers the First Amended Complaint for Interpleader and Declaratory Relief of CALIFORNIA INSTITUTE OF THE ARTS (hereinafter "Cal Arts" or "Plaintiff") as follows:

### JURISDICTION AND VENUE

1.  Mr. ALLEN admits the allegations in paragraph 1 insofar as this Court has subject mater jurisdiction over this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e) and (f).

2.  Mr. ALLEN admits the allegations in paragraph 2 insofar as venue is proper in this District pursuant to ERISA, 29 U.S.C. § 1132(e)(2).

### INTRADISTRICT ASSIGNMENT

3.  Mr. ALLEN admits the allegations in paragraph 3 insofar as assignment to the Western Division of the Central District of California is appropriate.

### PARTIES

4.  Mr. ALLEN admits the allegations in paragraph 4 insofar as Cal Arts is the Plan Administrator of the Plan and the Plan is an employee pension benefit plan and a defined contribution plan as defined by ERISA.  Defendant lacks information or belief sufficient to admit or deny the remainder of the allegations in paragraph 4 and therefore denies the same.

5.  Mr. ALLEN admits the allegations in paragraph 5.

6.  Mr. ALLEN admits that JEFFREY P. ANGWIN (hereinafter "Mr. ANGWIN") is the trustee of the Susan E. Allen Trust, dated August 7, 2015.  Mr. ALLEN denies the allegation that the Trust is administered in Bothell, Washington. Mr. ALLEN further denies the allegation that the final designation of beneficiary form on file identified the Trust as the beneficiary.

LAW OFFICES OF
CHARLES E. RUBEN , ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

Allen/Plead/
First Amended Answer.-020117.wpd

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

## STATEMENT OF THE CASE

7.  On information and belief, Mr. ALLEN admits the allegations in paragraph 7.

8.  On information and belief, Mr. ALLEN admits the allegations in paragraph 8.

9.  On information and belief, Mr. ALLEN admits the allegations in paragraph 9, except that the designation of Mr. ALLEN as the beneficiary of the Participant's benefits under the Plan is believed to have occurred on or about March 21, 2015.

10.  Mr. ALLEN lacks sufficient information or belief sufficient to admit or deny the allegations in paragraph 10 and therefore denies the same.

11.  Mr. ALLEN lacks sufficient information or belief sufficient to admit or deny the allegations in paragraph 11 and therefore denies the same.

12.  Mr. ALLEN admits the allegations in paragraph 12.

13.  Mr. ALLEN admits the allegations in paragraph 13 insofar as Participant was unmarried at the time of her death.  Except as expressly admitted, Mr. ALLEN denies the remainder of the allegations in paragraph 13.

14.  Mr. ALLEN admits the allegations in paragraph 14.

15.  Mr. ALLEN denies that he first made a claim for benefits under the Plan by way of letter to Cal Arts dated April 27, 2016.  Further, Mr. ALLEN denies that said letter made reference to the existence of a beneficiary designation form dated August 7, 2015.  Rather, the purpose of Mr. ALLEN's letter of April 27, 2016, was to request additional documents relevant to his claim for benefits which were thought to be in the possession of Cal Arts but which had not been produced in response to two previous letters to Cal Arts dated January 14, 2016, and February 19, 2016, respectively.  Mr. ALLEN admits that one of his contentions advanced in the letter dated April 27, 2016, was that the handwriting and signature on the beneficiary designation form dated August 14, 2015, did not appear to be that of his sister, Susan

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
1111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

3

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

1    E. Allen. Therefore, Mr. ALLEN had reason to believe that the beneficiary

2    designation form dated August 14, 2015, may have been fraudulently executed by

3    someone other than Susan E. Allen.  Except as expressly admitted, Mr. ALLEN

4    denies the remainder of the allegations in paragraph 15.

5         16.  Mr. ALLEN denies that the letter to Cal Arts dated April 27, 2016, made

6    reference to the existence of a beneficiary designation form dated August 7, 2015.

7    Mr. ALLEN admits that one of his contentions advanced in the letter dated April 27,

8    2016, was that between the date that Susan E. Allen executed the Susan E. Allen

9    Trust on August 7, 2015, and the date on which she purportedly executed the

10   beneficiary designation form dated August 14, 2105, she was suffering from serious

11   medical conditions and was substantially incapacitated. Therefore, Mr. ALLEN had

12   reason to believe that if Susan E. Allen executed the beneficiary designation form

13   dated August 14, 2105, she did not understand the nature of the document she

14   apparently signed.

15        17.  Mr. ALLEN denies that he made reference to the existence of a beneficiary

16   designation form dated August 7, 2015.  Mr. ALLEN admits that one of his

17   contentions advanced in the letter dated April 27, 2016, was that the Letters of

18   Instruction prepared by the attorney who drafted the Susan E. Allen Trust specifically

19   instructed Susan E. Allen to not change the ownership or beneficiary designation of

20   any IRAs or other tax-deferred assets. Therefore, Mr. ALLEN concluded that if his

21   sister executed the beneficiary designation form dated August 14, 2105, it was against

22   the advice of her estate-planning attorney.

23        18.  Mr. ALLEN admits the allegations in paragraph 18 insofar as it is a partial

24   summary from the six page letter of Cal Arts dated June 13, 2016.

25        19.  Mr. ALLEN admits the allegations in paragraph 19 insofar as it is a partial

26   summary from the seven page letter of Cal Arts dated July 12, 2016.

27

28

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
1111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

20.  Mr. ALLEN admits that he sent letters to Cal Arts dated July 27, 2016, and August 24, 2016.  However, Mr. ALLEN denies the allegation that he requested review of the denial of benefits in his letter dated July 27, 2016.  Mr. ALLEN further denies the allegation that he appealed the denial of benefits under the plan by way of letter dated August 24, 2016.  Rather, Mr. ALLEN formally requested a review of the denial of benefits pursuant to Plan Section 11.7(b) in his letter dated June 29, 2016.

21.  Mr. ALLEN admits that allegations in paragraph 21.

22.  Mr. ALLEN admits the allegations in paragraph 22 insofar as Mr. ALLEN claims the right to Participant's benefits under the Plan.

23.  Mr. ALLEN admits that allegations in paragraph 23.

### ANSWER TO FIRST CLAIM FOR RELIEF

24.  Defendant incorporates by reference each and every denial, defense or objection contained in this Answer, to the same extent that plaintiff has incorporated the allegations of the Complaint into the First Claim for Relief in paragraph 24.

25.  Mr. ALLEN admits the allegations in paragraph 25 insofar as Cal Arts is obligated to pay the benefits attributable to the person(s) to whom the benefits properly belong under the terms of the Plan.  Defendant lacks information or belief sufficient to admit or deny the remainder of the allegations in paragraph 25 and therefore denies the same.

26.  Mr. ALLEN admits the allegations in paragraph 26 in that an actual controversy exists among the defendants with respect to the proper recipient of the benefits.

27.  Mr. ALLEN admits the allegations in paragraph 27.

28.  Mr. ALLEN admits the allegations in paragraph 28.

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
1111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

## ANSWER TO SECOND CLAIM FOR RELIEF

29.  Defendant incorporates by reference each and every denial, defense or objection contained in this Answer, to the same extent that plaintiff has incorporated the allegations of the Complaint into the First Cause of Action in paragraph 29.

30.  Mr. ALLEN admits the allegations in paragraph 30.

31.  Mr. ALLEN admits the allegations in paragraph 31.

## FIRST AFFIRMATIVE DEFENSE

### (Reservation of Right)

32.     As a first affirmative defense, Defendant reserves the right to plead and rely on any and all further affirmative defenses, counterclaims or crossclaims  that may become available or otherwise appear during the pendency of this action, and to the extent allowed by law, Defendant reserves the right to amend this answer for the purpose of asserting any such affirmative defense, counterclaim or crossclaim.

33.     Wherefore, Defendant prays for relief as set forth below.

## CROSSCLAIM OF ANTHONY A. ALLEN
## AGAINST JEFFREY P. ANGWIN

COMES NOW the Crossclaimant, ANTHONY A. ALLEN ("Mr. ALLEN" or "ANTHONY" or "Crossclaimant") , who hereby makes this Crossclaim against JEFFREY P. ANGWIN, individually and as Trustee of the Susan E. Allen Trust, dated August 7, 2015 ("Mr. ANGWIN" or "Crossdefendant"), and DOES 1 through 10, inclusive, as follows:

## JURISDICTION AND PARTIES

1.  By way of First Amended Complaint for Interpleader and Declaratory Relief, Cal Arts named Mr. ALLEN and Mr. ANGWIN as Defendants in Interpleader and alleged this Court has subject matter jurisdiction over its action pursuant to Section 502(e) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e) and (f).  By way of Answer, Mr. ALLEN admits that

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

this Court has subject matter jurisdiction over the claims alleged by Cal Arts.

2.  By way of Answer, Mr. ANGWIN also admits that this Court has subject matter jurisdiction over the claims alleged by Cal Arts.

3.  The crossclaims alleged by Mr. ALLEN against Mr. ANGWIN herein arise under the statutory and common law of the State of California, as more specifically alleged below.

4.  The crossclaims alleged by Mr. ALLEN against Mr. ANGWIN herein are permissive crossclaims against a coparty within the meaning of Fed.R.Civ.P. 13(g), in that all of the claims arise out of the same transaction or occurrence that is the subject matter of the original action, and the claims also relate to property that is the subject matter of the original action.

5.  As an independent basis for subject matter jurisdiction over the crossclaims alleged herein, the amount in controversy exceeds the sum of $75,000.00  and Mr. ANGWIN and Mr. ALLEN are citizens of different states, such that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

6.  This Court has personal jurisdiction over Mr. ANGWIN both individually and in his capacity as the Trustee of the Susan E. Allen Trust dated August 7, 2015, for the reasons that: (a) Mr. ANGWIN has already filed an appearance herein in his capacity as the Trustee of the Susan E. Allen Trust dated August 7, 2015; (b) the Susan E. Allen Trust dated August 7, 2015, was purportedly created under and governed by the laws of the State of California; and (c) as more specifically alleged below, Mr. ANGWIN purposefully directed his activities toward residents of the State of California, and purposefully availed himself of the privilege of conducting activities within the State of California, both before and after his purported appointment as the Trustee of the Susan E. Allen Trust dated August 7, 2015.

7.  At all times material, Mr. ANGWIN was the stepfather of Mr. ALLEN (hereinafter "ANTHONY") and Susan E. Allen, deceased (hereinafter "SUSAN").

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
1111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

8.  At all times material, ANTHONY and SUSAN were brother and sister, and both resided in Los Angeles County, California.

## STATEMENT OF FACTS

9.  SUSAN graduated with a Bachelors in Fine Arts in Music Performance from Cal Arts in 1973 and was subsequently employed by Cal Arts as a distinguished member of the faculty for over thirty years between 1983 and 2015.  At the end of her career in 2015, SUSAN was the Associate Dean for Academic Affairs in the Herb Alpert School of Music at Cal Arts and held the Nicholas M. England Chair in Music.

10.  Crossclaimant is informed and believes and thereon alleges that on or about March 21, 2015, SUSAN designated ANTHONY as the one hundred percent (100%) beneficiary of her Cal Arts Retirement Plan account.  The designation of beneficiary form was completed and submitted online by SUSAN to the funding agent of the Plan, Transamerica Retirement Solutions, LLC.

11.  Crossclaimant is informed and believes and thereon alleges that on or about the aforementioned date in March, 2015, SUSAN also designated ANTHONY as the beneficiary of both her checking and savings accounts held at Logix Federal Credit Union.

12.  On or about mid June, 2015, SUSAN was diagnosed with small cell lung cancer at Henry Mayo Newhall Memorial Hospital, which at the time of diagnosis had already metastasized to her liver and bones.  Subsequently, SUSAN was discharged to home health care assistance because she was bed ridden, had difficulty ambulating and was unable to self sufficiently provide for her own basic needs.

13.  Thereafter, because ANTHONY was SUSAN's only immediate family member residing in Southern California, ANTHONY assumed various responsibilities associated with SUSAN's ongoing medical care and treatment, including service as a liaison between her medical providers and home health care

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

staff, and otherwise assuring that SUSAN was provided with basic necessities and appropriate care and treatment.

14.  On or about late July, 2015, Mr. ANGWIN made the first of several trips from Washington to visit with SUSAN at her home in Valencia, California. On or about the same time, Mr. ANGWIN made an offer to SUSAN to provide her with a room in his house in Washington where she could convalesce.  Mr. ANGWIN, who is licensed as a realtor in the State of Washington, was also introduced to SUSAN's local realtor, Mary "Molly" Hodson.

15.  Beginning on or about Sunday, August 2, 2015, SUSAN's mental condition rapidly deteriorated, such that she no longer possessed the cognitive ability to engage in rational decision making.  On said day, SUSAN suddenly discharged her entire home health care staff, who in turn called for assistance from local emergency medical technicians prior to leaving her completely unattended. After several hours, under persuasion from ANTHONY and paramedics on the scene, SUSAN reversed her decision to discharge her home health care staff.

16.  Also on Sunday, August 2, 2015, the day that Mr. ANGWIN was returning to Washington from a visit at SUSAN's home in California, Mr. ANGWIN told ANTHONY that he "tried to discuss some estate planning" with SUSAN but that "she wouldn't have anything to do with it."  At the same time, Mr. ANGWIN was aware that SUSAN had previously designated ANTHONY as the beneficiary of her Cal Arts Retirement Plan account.

17.  Due to a report from one of SUSAN's music students at Cal Arts, Sarah Rice, that SUSAN was often incoherent and talking to herself, ANTHONY arrived at SUSAN's home with Ellie Choate, another professional harpist, where they both attempted to persuade SUSAN to visit her treating physician.  However, SUSAN refused to submit to medical care.

18.  On or about Wednesday, August 5, 2015, ANTHONY again returned to

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

9

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

1   SUSAN's home with Bill Powell, a long-time colleague of SUSAN's who was also

2   the faculty at Cal Arts, where they both attempted to persuade SUSAN to visit her

3   treating physician.  Once again, SUSAN refused to submit to medical care.

4       19.  Later in the evening of August 5, 2015, Mr. ANGWIN called ANTHONY

5   from Washington to  inquire about the status of any estate planning that may have

6   been undertaken with SUSAN subsequent to his departure on August 2, 2015.

7   ANTHONY informed Mr. ANGWIN of SUSAN's deteriorating condition and opined

8   that SUSAN was not currently competent to make a will or otherwise engage in any

9   estate planning.

10      20.  Subsequently, Crossclaimant is informed and believes and thereon alleges

11  that Mr. ANGWIN was desperate to have SUSAN complete a will before her

12  condition deteriorated any further.  To that end, Mr. ANGWIN persuaded and

13  instructed SUSAN's local realtor, Mary "Molly" Hodson, to bring an estate planning

14  attorney of Ms. Hodson's choice to SUSAN's home for the purpose of preparing a

15  will. Crossclaimant is further informed and believes that Mr. ANGWIN broadly

16  instructed Ms. Hodson as to the general distribution of gifts to be made from

17  SUSAN's testate estate, such that Mr. ANGWIN would be the devisee entitled to the

18  great majority of SUSAN's testate estate.  At the same time, Mr. ANGWIN

19  guaranteed that Ms. Hodson would be the exclusive listing agent for the sale of

20  SUSAN's condominium following her death.

21      21.  At all times material, in the absence of a will, SUSAN's entire intestate

22  estate would have passed under the laws of intestate succession of the State of

23  California to SUSAN's surviving mother, Mrs. Dorothy Angwin.

24      22.  Crossclaimant is informed and believes and thereon alleges that or about

25  Friday, August 7, 2015, Ms. Hodson brought attorney Randall Armour to SUSAN's

26  home in Valencia, California, for the purpose of drafting a pour over will and a

27  revocable intervivos trust.  Pursuant to Mr. ANGWIN's instructions, as passed on to

28

Ms. Hodson, Mr. ANGWIN was designated as the attorney in fact for SUSAN under a durable power of attorney, to be effective for the remainder of SUSAN's life.  Mr. ANGWIN was also designated as the successor trustee of the Susan E. Allen Trust dated August 7, 2015, as well as the executor of her will, such that he would continue to exercise complete dominion and control over SUSAN's estate following her death.

23.  Under the distribution to made by the terms of the Susan E. Allen Trust dated August 7, 2015, Mr. ANGWIN would be entitled to one hundred percent (100%) of SUSAN's personal property.  Mr. ANGWIN would also be entitled to a seventy five percent (75%) share of the net assets comprising the estate, while SUSAN's three surviving brothers (William, Anthony and Brooks) would be entitled to one-third each of the remaining twenty five percent (25%).  Furthermore, at the same time, SUSAN's sister, Wendy A. Allen, was expressly disinherited under the terms of the Trust.

24.  At all times material, the distribution to be made under the terms of the Trust was unnatural.  Under the terms of the Trust, SUSAN's natural mother, Mrs. Dorothy Angwin, was completely unrecognized and entitled to no distribution whatsoever.  Furthermore, it was Mr. ANGWIN rather than SUSAN who loathed and despised SUSAN's sister, Wendy A. Allen.  The token distribution to SUSAN's three brothers was intended to imbue the estate plan with a facade of normalcy, when in fact the great majority of the estate was diverted to the personal benefit of Mr. ANGWIN.  Finally, the estate plan made no provision whatsoever which would operate to recognize and preserve SUSAN's legacy as a world class musician and devoted mentor to hundreds of students during her tenure as a distinguished member of the faculty at Cal Arts, in the form of an endowment or otherwise.

25.  Subsequently, later on the same day that the Will and Trust were executed, SUSAN's home health care staff determined that SUSAN's condition had deteriorated

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

to the point that emergency medical intervention was warranted.  In the evening of August 7, 2015, SUSAN's home health care staff arranged for SUSAN to be transported via ambulance to Henry Mayo Newhall Memorial Hospital, where she was admitted to the Intensive Care Unit.  Crossclaimant is informed and believes and thereon alleges that sometime over the weekend of August 8 and August 9, 2015, a brain scan was ordered by SUSAN's physicians, which showed that the cancer had metastasized to SUSAN's brain, resulting in a brain tumor.  SUSAN never again returned to her home in Valencia, but was eventually discharged and admitted as an inpatient to Rinaldi Convalescent Hospital in Granada Hills, California, a 24-hour health facility.

26.   On or about August 10, 2015, or shortly thereafter, SUSAN's treating oncologist, Dr. Dilprit Bagga, held a conference in SUSAN's room at Henry Mayo Newhall Memorial Hospital with Mr. ANGWIN and ANTHONY in attendance.  The results of the brain scan were discussed and Dr. Bagga announced that palliative care was the only available treatment option for SUSAN in light of the brain tumor.   In other words, there was no longer any viable hope of treating the cancer itself and of extending SUSAN's life expectancy.

27.   Subsequently, crossclaimant is informed and believes and thereon alleges that during the week of August 10, 2015, Mr. ANGWIN made every effort to have the death benefits of SUSAN's Cal Arts Retirement Plan account redirected from ANTHONY to the Trust.  On or about August 14, 2015, SUSAN purportedly executed  a beneficiary designation form whereby the new beneficiary of the Plan was purportedly changed to the Susan E. Allen Trust dated August 7, 2015.  However, as more specifically alleged below, Crossclaimant alleges that the beneficiary designation form dated August 14, 2015, was either fraudulently completed and executed by someone other than SUSAN, or in the alternative, that SUSAN was not of sound mind and was subject to undue influence at the time she

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4100
FAX (310) 445-4108

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

1    executed the beneficiary designation form.

2    28.  Crossclaimant is informed and believes and thereon alleges that sometime

3    subsequent to August 7, 2015, Mr. ANGWIN prematurely withdrew the sum of

4    $75,000.00 from SUSAN's Cal Arts Retirement Plan account under the authority of

5    the aforementioned Power of Attorney.  As more specifically alleged below, SUSAN

6    understood that the funds prematurely withdrawn were to be applied to any necessary

7    expenses associated with her medical care and treatment.

8    29.  Crossclaimant is informed and believes and thereon alleges that on or

9    about August 22, 2015, or shortly thereafter, Mr. ANGWIN arranged for and had

10   SUSAN transferred via "Medevac" flight (aka air ambulance) from Los Angeles to

11   Seattle, Washington.  As more specifically alleged below, the funds for the flight

12   (approx. $20,000.00) were intentionally withdrawn by Mr. ANGWIN from one of

13   SUSAN's accounts at Logix Federal Credit Union, when Mr. ANGWIN knew that

14   any funds remaining in the account at the time of SUSAN's death would be payable

15   to ANTHONY.

16   30.  Upon arrival in Seattle, SUSAN was placed with Evergreen Hospice in

17   Kirkland, Washington, where she remained until she passed away on September 7,

18   2015.

19                        **FIRST CLAIM FOR RELIEF**

20                        **FOR FRAUD - MISREPRESENTATION**

21                   **(Against Crossdefendant JEFFREY P. ANGWIN)**

22   31.  Crossclaimant realleges and incorporates by reference the allegations set

23   forth above in paragraphs 1 though 30, as if fully set forth herein.

24   32.  Crossclaimant is informed and believes and thereon alleges that the

25   designation of beneficiary form alleged above (¶ 27) was completed and executed by

26

27   Mr. ANGWIN, either in whole or in part, or in the alternative, by Mr. ANGWIN's

28

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

1   agent acting pursuant to his direction and control.

2       33.  At all times material, Mr. ANGWIN knew that the designation of

3   beneficiary form was completed and/or executed by someone other than the Plan

4   Participant and that the beneficiary form did not reflect SUSAN's true intent, but

5   nevertheless proceeded to present the form to Cal Arts with the specific intention  that

6   Cal Arts rely on the authenticity of the completed form.

7       34.  In turn, Cal Arts relied on the authenticity of the completed form in the

8   determination of the proper beneficiary under the Plan existing at the time of

9   SUSAN's death.  But for the submission of the fraudulently completed form,

10  ANTHONY would be deemed to be the proper beneficiary of SUSAN's benefits

11  under the terms of the Plan.

12      35.  As a direct and proximate result of the aforementioned misrepresentation,

13  Crossclaimant has incurred damages in the form of attorney's fees and costs

14  associated with disputing the determination of the proper beneficiary of SUSAN's

15  benefits under the Plan in the case at bar.

16           **SECOND CLAIM FOR RELIEF**

17           **FOR FRAUD - UNDUE INFLUENCE**

18      **(Against Crossdefendant JEFFREY P. ANGWIN)**

19      36.  Crossclaimant realleges and incorporates by reference the allegations set

20  forth above in paragraphs 1 though 30, as if fully set forth herein.

21      37.  At all times material subsequent to on or about August 2, 2015, SUSAN

22  was extremely vulnerable to excessive persuasion due to her infirm medical

23  condition, impaired cognitive function, emotional distress and dependency on others

24  for the provision of daily basic needs.

25

26

27      38.  At all times material subsequent to on or about August 2, 2015, Mr.

28

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
1111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4100
FAX (310) 445-4108

ANGWIN knew of SUSAN's vulnerability and sought to take advantage of her vulnerability for his own personal benefit.

39. At all times material, Mr. ANGWIN held himself out to SUSAN, both directly and indirectly through his agent, Ms. Hodson, as the family member who was best suited to protect her and provide for her daily basic needs.

40. Mr. ANGWIN also gained ostensible authority subsequent to August 7, 2015, as a result of being designated as the attorney in fact for SUSAN while she was alive, as the executor of SUSAN's will, and as the Successor Trustee of the Susan E. Allen Trust dated August 7, 2015.

41. At all times material subsequent to August 7, 2015, Mr. ANGWIN knew that the Letters of Instruction prepared by the estate planning attorney who drafted the Trust specifically instructed SUSAN to not change the ownership or beneficiary designation of any IRAs or other tax-deferred assets following the execution of the Trust and Will.

42. On or about August 10, 2015, or shortly thereafter, when SUSAN's treating oncologist, Dr. Bagga, announced the results of the brain scan and the definitive prognosis that SUSAN's condition was terminal, SUSAN became even more fearful, insecure and vulnerable. In addition, SUSAN's cognitive functions continued to decline as a result of the brain tumor and the continuous administration of heavy narcotics, such that she was no longer possessed the capacity to exercise her free will.

43. Crossclaimant is informed and believes and thereon alleges that at the time the designation of beneficiary form was presented to SUSAN for her execution on or about August 14, 2015, the form had been completed in whole or in part by Mr. ANGWIN or his agent acting pursuant to his direction and control. At said time, SUSAN was substantially incapacitated, was under the influence of heavy pain medication, and did not understand the nature of the document and the natural objects

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

15

1   of her bounty.  Crossclaimant is further informed and believes that Mr. ANGWIN,

2   either personally or through his agent acting pursuant to his direction and control,

3   exercised excessive persuasion over SUSAN in a deliberate effort to redirect the

4   death benefits of SUSAN's Cal Arts Retirement Plan account from ANTHONY to the

5   Trust.

6       44.  At all times material, Mr. ANGWIN knew that the designation of

7   beneficiary form dated August 14, 2015, had been procured by undue influence, that

8   the change in beneficiary was contrary to the instructions of SUSAN's estate

9   planning attorney, and that the beneficiary form did not reflect SUSAN's true intent,

10  but nevertheless proceeded to present the form to Cal Arts with the specific intention

11  that Cal Arts rely on the authenticity of the completed form.

12      45.  In turn, Cal Arts relied on the authenticity of the completed form in the

13  determination of the proper beneficiary under the Plan existing at the time of

14  SUSAN's death.  But for the submission of the fraudulently completed form,

15  ANTHONY would be deemed to be the proper beneficiary of SUSAN's benefits

16  under the terms of the Plan.

17      46.  As a direct and proximate result of the aforementioned misrepresentation,

18  Crossclaimant has incurred damages in the form of attorney's fees and costs

19  associated with disputing the determination of the proper beneficiary of SUSAN's

20  benefits under the Plan in the case at bar.

21              **THIRD CLAIM FOR RELIEF**

22          **FOR BREACH OF FIDUCIARY DUTY - TO THE SETTLOR**

23             **(Against Crossdefendant JEFFREY P. ANGWIN)**

24      47.  Crossclaimant realleges and incorporates by reference the allegations set

25  forth above in paragraphs 1 though 30, as if fully set forth herein.

26

27      48.  On or about August 7, 2015, Mr. ANGWIN was appointed as attorney in

28

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
1111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

fact for SUSAN pursuant to a Durable Power of Attorney, and thereafter stood in a confidential relationship with SUSAN prior to her death.

49.  At all times material, Mr. ANGWIN owed SUSAN a fiduciary of the highest good faith and utmost honesty in transactions entered on behalf of SUSAN pursuant to his power of attorney.

50.  As alleged above in paragraph 25, Crossclaimant is informed and believes that sometime subsequent to August 7, 2015, Mr. ANGWIN prematurely withdrew the sum of $75,000.00 from SUSAN's Cal Arts Retirement Plan account.  Of the total amount withdrawn, Crossclaimant is informed and believes that approximately $15,000.00 was applied and withheld by Transamerica Retirement Solutions, LLC, to SUSAN's federal income tax burden for the tax year 2015.

51.  Crossclaimant is informed and believes that SUSAN understood and agreed that any and all funds prematurely withdrawn were to be applied by Mr. ANGWIN to any necessary expenses associated with her medical care and treatment.

52.  By way of written request dated January 4, 2016, ANTHONY requested that Mr. ANGWIN provide an accounting of the disposition of any and all funds withdrawn from SUSAN's Retirement Plan account, but to date ANTHONY has received no response whatsoever from Mr. ANGWIN.

53.  At all times material, Mr. ANGWIN owed SUSAN a duty to apply the funds as agreed to any necessary expenses associated with her medical care and treatment.  However, Crossclaimant is informed and believes that Mr. ANGWIN diverted the funds for his own personal benefit, in violation of his duty owed to SUSAN prior to her death.

54.  As a direct and proximate result of the aforementioned breach of duty, the value of SUSAN's account in the Plan was reduced by the sum of at least $75,000.00, plus interest thereon from the date of withdrawal to the present.

55.  Accordingly, ANTHONY has incurred damages in the sum of at least

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

1    $75,000.00, plus interest thereon from the date of withdrawal to the present.

2                          **FOURTH CLAIM FOR RELIEF**

3             **FOR BREACH OF FIDUCIARY DUTY - TO THE BENEFICIARY**

4                  **(Against Crossdefendant JEFFREY P. ANGWIN)**

5         56.  Crossclaimant realleges and incorporates by reference the allegations set

6    forth above in paragraphs 1 though 30, as if fully set forth herein.

7         57.  At the time of SUSAN's death on September 7, 2015, Mr. ANGWIN

8    succeeded to SUSAN as the Trustee of the Susan E. Allen Trust dated August 7,

9    2015.

10        58.  At all times subsequent to September 7, 2015, Mr. ANGWIN owed a

11   fiduciary duty to the beneficiaries of the Trust, including but not limited to a duty to

12   provide information pursuant to California Probate Code section 16061 and to

13   account at least annually as provided by California Probate Code section 16062(a).

14        59.  By way of letter dated July 7, 2016, ANTHONY demanded a first annual

15   account from the Trust pursuant to California Probate Code section 16062(a), as well

16   as information from the Trust pursuant to California Probate Code section 16061.

17        60.  To date, ANTHONY has yet to receive any accounting, information or any

18   other correspondence from the Trust in response to his written demand.

19        61.  Pursuant to California Probate Code section 16400, a violation by a trustee

20   of any duty that the trustee owes the beneficiary constitutes a breach of trust.

21        62.  As a direct and proximate result of the aforementioned breach of duty,

22   ANTHONY has incurred damages in a sum to be determined at the time of trial.

23                          **FIFTH CLAIM FOR RELIEF**

24         **INTENTIONAL INTERFERENCE WITH EXPECTED INHERITANCE**

25                  **(Against Crossdefendant JEFFREY P. ANGWIN)**

26        63.  Crossclaimant realleges and incorporates by reference the allegations set

27   forth above in paragraphs 1 though 30, paragraphs 32 through 35, paragraphs 37

28

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

18

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
1111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

1  through 46, and paragraphs 48 through 55, as if fully set forth herein.

2      64.  At all times material, ANTHONY had a legitimate expectancy of receiving

3  an inheritance in the form of death benefits to SUSAN's Cal Arts Retirement Plan

4  account.

5      65.  Beginning on or about July 2015, Mr. ANGWIN first became aware of

6  ANTHONY's entitlement to death benefits under SUSAN's Cal Arts Retirement Plan

7  account.

8      66.  Subsequently, Mr. ANGWIN deliberately and knowingly made every

9  effort to have the death benefits of SUSAN's Cal Arts Retirement Plan account

10  redirected from ANTHONY to the Trust.  To that end, Mr. ANGWIN committed

11  fraud and exerted undue influence over SUSAN, as more specifically alleged above.

12      67.  But for Mr. ANGWIN's tortious interference with ANTHONY's

13  expectation of inheritance, the designation of beneficiary form dated March 21, 2015,

14  would have been in full force and effect and ANTHONY would have been deemed

15  the sole beneficiary of SUSAN's Cal Arts Retirement Plan account.

16      68.  As a direct and proximate result of the tortious interference committed by

17  Mr. ANGWIN, ANTHONY has incurred economic damages equivalent to the full

18  value of SUSAN's Cal Arts Retirement Plan account.

19      69.  As a further direct and proximate result of Mr. ANGWIN's tortious

20  interference, ANTHONY has incurred noneconomic damages in a sum to be

21  determined at the time of trial, inclusive of compensatory damages for mental

22  anguish, discomfort and annoyance arising from said interference.

23

24

25

26

27                          **PRAYER FOR RELIEF**

28

WHEREFORE, Defendant in Interpleader and Crossclaimant ANTHONY A. ALLEN prays for legal and equitable relief as follows:

**On Defendant's Answer to Complaint in Interpleader:**

(1) That the Court declare that Anthony A. Allen is or should be treated as the Participant's beneficiary at the time of her death;

(2) That the Participant's benefits under the Plan be distributed in their entirety to Anthony A. Allen;

(3) For Defendant's costs of suit incurred herein;

(4) For Defendant's reasonable attorneys' fees; and,

(5) For such other legal and equitable relief as this Court deems just and proper.

**On Crossclaimant's First Claim for Relief for Fraud - Misrepresentation:**

(1) For compensatory damages in the form of costs of suit incurred herein;

(2) For compensatory damages in the form of Crossclaimant's reasonable attorneys' fees; and,

(3) For such other legal and equitable relief as this Court deems just and proper.

**On Crossclaimant's Second Claim for Relief for Fraud - Undue Influence:**

(1) For compensatory damages in the form of costs of suit incurred herein;

(2) For compensatory damages in the form of Crossclaimant's reasonable attorneys' fees; and,

(3) For such other legal and equitable relief as this Court deems just and proper.

**On Crossclaimant's Third Claim for Relief For Breach of Fiduciary Duty - to the Settlor:**

(1) For compensatory damages in the sum of at least $75,000.00, plus interest thereon from the date of withdrawal to the present;

(2) For Crossclaimant's costs of suit incurred herein; and

(3) For such other legal and equitable relief as this Court deems just and proper.

**On Crossclaimant's Fourth Claim for Relief for Breach of Fiduciary Duty**

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

**- to the Beneficiary:**

(1)   For compensatory damages in a sum to be determined at the time of trial;

(2)   For Crossclaimant's costs of suit incurred herein; and

(3)   For such other legal and equitable relief as this Court deems just and proper.

**On Crossclaimant's Fifth Claim for Relief for Intentional Interference with Expected Inheritance:**

(1)   For economic damages equivalent to the full value of Participant's benefits under the Plan;

(2)   For noneconomic damages in a sum to be determined at the time of trial;

(3)   For Crossclaimant's costs of suit incurred herein; and

(4)   For such other legal and equitable relief as this Court deems just and proper.

DATED:  February 1, 2017                    LAW OFFICES OF CHARLES E. RUBEN


By:_____/s/_____
     CHARLES E. RUBEN
     Attorneys for Defendant in Interpleader
     and Crossclaimant, Anthony A. Allen


**DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38 and L.R. 38-1, Defendant and Crossclaimant demands a jury trial on any and all issues triable by a jury.

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
1111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

FIRST AMENDED ANSWER OF ANTHONY A. ALLEN TO FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF; CROSSCLAIM AGAINST JEFFREY P. ANGWIN