Joseph C. Faucher, SBN 137353
TRUCKER ✦ HUSS
A Professional Corporation
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 537-1016
Facsimile: (213) 537-1020
E-mail: jfaucher@truckerhuss.com

Dylan D. Rudolph, SBN 278707
TRUCKER ✦ HUSS
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111
Telephone: (415) 788-3111
Facsimile: (415) 421-2017
E-mail: drudolph@truckerhuss.com

Attorneys for Plaintiff in Interpleader
CALIFORNIA INSTITUTE OF THE ARTS,
in its Capacity as Plan Administrator of the
California Institute of the Arts Retirement Plan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INSTITUTE OF THE ARTS, in its Capacity as Plan Administrator of the California Institute of the Arts Retirement Plan,<br><br>Plaintiff in Interpleader,<br>vs.<br><br>ANTHONY A. ALLEN, an Individual, and JEFFREY P. ANGWIN, as Trustee of the Susan E. Allen Trust, Dated August 7, 2015,<br><br>Defendants in Interpleader. | Case No. 2:16-cv-07284-DSF-JCx<br><br>JOINT CASE MANAGEMENT STATEMENT |

Plaintiff in interpleader California Institute of the Arts ("Plaintiff"), and Defendants Anthony A. Allen ("Allen") and Jeffrey P. Angwin, as Trustee of the Susan E. Allen Trust, Dated August 7, 2015 (the "Trust") (Plaintiff and Defendants collectively referred to as the "Parties") submit the following Joint Case Management Conference Statement and Discovery Plan pursuant to Federal Rule of Civil Procedure Rule 26(f), Civil Local Rule 26, and the Court's Order Setting Scheduling Conference.

## JOINT CASE MANAGEMENT STATEMENT

### A. Statement of the Case.

*Plaintiff's Statement of the Case:*

Susan E. Allen ("Participant") was a vested participant in the California Institute of the Arts Retirement Plan (the "Plan"). Plaintiff is the Plan administrator and sponsor. On March 13, 2015, Participant designated her brother, Defendant Allen, as the beneficiary of her benefits under the Plan. Subsequently, on August 17, 2015, the Plan accepted a beneficiary designation form from Plaintiff, which designated the Trust as the 100% beneficiary of Participant's benefits under the Plan. After it accepted Participant's beneficiary designation form on August 17, 2015, the Plan did not receive any other beneficiary designations before Participant's death. Participant passed away on September 7, 2015. At the time of her death, Participant was unmarried (divorced), and her designated beneficiary under the Plan was (and still is to the best of Plaintiff's knowledge) the Trust.

Defendant Allen claims that he is the beneficiary of Participant's benefits under the Plan. Allen claims that he has reason to believe that the beneficiary form designating the Trust as 100% beneficiary of Participant's Plan benefits was executed fraudulently. Allen claims that the handwriting on the change of beneficiary form does not match Participant's handwriting, that the beneficiary form may have been fraudulently executed by someone other than Participant, and, at the time Participant executed the beneficiary designation form, she was suffering from

serious medical conditions, and, as a result, was substantially incapacitated.

Defendant Allen made a claim for Participant's benefits under the Plan. On June 13, 2016, Plaintiff, in its capacity as administrator of the Plan, denied Allen's claim for benefits, and informed Allen that it was administering the Plan in accordance with its written terms, based on the best information available to it, as it is required to do under applicable law. Both Allen and the Trust claim rights to Participant's benefits under the Plan. Plaintiff in interpleader seeks an order (1) allowing it to interplead the assets in Susan Allen's account in the Plan with the Court, and (2) discharging and dismissing Plaintiff in interpleader from the case, and releasing Plaintiff in interpleader from any further liability to either of the Defendants in connection with Susan Allen's benefit under the Plan.

***Defendant Allen's Statement of the Case:***

Defendant Allen disputes the final administrative determination by Plaintiff that at the time of her death, Participant's last validly designated beneficiary under the Plan was the Trust. Allen contends that the administrative record developed by Plaintiff casts considerable doubt on the validity of the beneficiary designation form dated August 14, 2015, and that Plaintiffs determination was clearly erroneous under any applicable standard of review. In any event, the standard of review in the context of this interpleader action for the determination of benefits payable under ERISA is de novo. (*Becker v. Williams*, 777 F.3d 1035 (9th Cir. 2015).

On February 19, 2016, Defendant Allen made a claim for benefits under the Plan. On June 13, 2016, Plaintiff, in its capacity as administrator of the Plan, denied Allen's claim for benefits, and informed Allen that it was administering the Plan in accordance with its written terms, based on the best information available to it, as it is required to do under applicable law. On June 29, 2016, Allen appealed the denial of benefits under the terms of the Plan and thereafter submitted additional evidence in support of his position on appeal. On appeal, Allen reiterated his contentions that that the handwriting on the change of beneficiary form purportedly executed on

August 14, 2015, did not match Participant's handwriting, that the beneficiary form was fraudulently completed and executed by someone other than Participant, and that even if the Participant did in fact execute the beneficiary designation form, Participant was substantially incapacitated at the time and did not understand the nature of the document she may have signed.

On September 2, 2016, Plaintiff issued a final denial of Allen's appeal, closed the administrative record, and informed Allen of his right to file a civil action under ERISA. On September 28, 2016, Plaintiff commenced this action by filing a Complaint for Interpleader and Declaratory Relief. Named as defendants in interpleader are Mr. Allen and Mr. Angwin, in his capacity as the as Trustee of the Susan E. Allen Trust, Dated August 7, 2015.

By way of Cross-claim filed on February 1, 2017, Allen asserts four Claims for Relief against Angwin, individually and in his capacity as Trustee of the Trust, for: (1) Fraud/Misrepresentation; (2) Fraud/Undue Influence; (3) Breach of Fiduciary Duty to the Settlor; (4) Breach of Fiduciary Duty to the Beneficiary; and (5) Intentional Interference with Expected Inheritance.

*Defendant Trust's Statement of the Case:*

Defendant Trust concurs with Plaintiff's statement of the case. Namely, On March 13, 2015, Participant designated her brother, Defendant Allen, as the beneficiary of her benefits under the Plan. Subsequently, on August 17, 2015, the Plan accepted a beneficiary designation form from Plaintiff, which designated the Trust as the 100% beneficiary of Participant's benefits under the Plan. After it accepted Participant's beneficiary designation form on August 17, 2015 (the "Trust Designation"), the Plan did not receive any other beneficiary designations before Participant's death. Participant passed away on September 7, 2015. At the time of her death, Participant was unmarried (divorced), and her designated beneficiary under the Plan was (and still is to the best of Plaintiff's knowledge) the Trust.

Defendant Trust denies Defendant Allen's allegations that the Trust

JOINT CASE MANAGEMENT STATEMENT; Case No. 2:16-cv-07284-DSF-JCx        3
164224.v7

Designation was executed fraudulently, by forgery or otherwise. Defendant Trust further denies Defendant Allen's allegations that Participant was substantially incapacitated at the time Participant executed the Trust Designation. Participant personally executed the Trust Designation while of sound mind. As such, the Trust is the rightful beneficiary under the Plan.

### B.  Subject Matter Jurisdiction.

Plaintiff brings this action for interpleader and declaratory relief pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), Rule 22 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2201. This Court has subject matter jurisdiction over this action pursuant to Sections 502(e) and (f) of ERISA, and 29 U.S.C. § 1132(e) and (f).

*Defendant Allen's Statement Regarding Subject Matter Jurisdiction:*

The crossclaims alleged by Allen against Angwin are permissive crossclaims against a coparty within the meaning of Fed.R.Civ.P. 13(g). As an independent basis for subject matter jurisdiction over the crossclaims, the amount in controversy exceeds the sum of $75,000.00 and Angwin and Allen are citizens of different states, such that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

### C.  Legal Issues.

At this time, the Parties anticipate that the legal issues in dispute are: (1) whether Plaintiff should be granted leave to deposit the Participant's benefits under the Plan into the registry of the court, be discharged from the action, and obtain attorney's fees and costs of suit; and (2) whether Defendant Allen or Defendant Trust is the correct beneficiary of Participant's benefits under the Plan, such that either Allen or the Trust may receive payment of Participant's benefits under the Plan.

*Defendant Allen's Statement Regarding Legal Issues:*

(3) the applicable standard of review in this interpleader action for the determination of benefits payable under ERISA (*see Becker v. Williams*, 777 F.3d 1035 (9th Cir. 2015)); and (4) potential legal issues associated with cross-claims for

relief for breach of fiduciary duty owed to the settlor (*see Estate of Giraldin*, 55 Cal.4th 1058 (2012)) and intentional interference with expected inheritance (*see Beckwith v. Dahl*, 205 Cal.App.4th 1039 (2012).)

### D. Parties, Evidence, Etc.

#### 1. *Plaintiff California Institute of the Arts.*

Plaintiff is the Plan Administrator of the Plan. The Plan is an employee pension benefit plan as defined by ERISA §3(2)(A), 29 U.S.C. §1002(2)(A). The Plan is a defined contribution Plan. The Plan has participants, beneficiaries, participating employers, and administrative offices in Southern California, including in this District.

Plaintiff does not anticipate introducing any witnesses or documents. Plaintiff does not have any subsidiaries, parents, or affiliates.

#### 2. *Defendant Anthony A. Allen.*

Defendant Allen is an individual residing in Topanga, California.

**Percipient witnesses** identified to date by defendant Allen include (contact information to be disclosed with initial disclosures):

(1) Cesar Mateus;

(2) Sarah Rice;

(3) Eleanor Choate;

(4) William Powell;

(5) Dr. Dilprit Bagga, treating physician

**Key documents** identified to date by defendant Allen include:

(1) The complete administrative record developed by Plaintiff California Institute of the Arts in this matter through on or about September 2, 2016;

(2) The designation of beneficiary form dated August 14, 2015;

(3) The complete medical records of the Participant on file at Henry Mayo Newhall Memorial Hospital and/or Facey Medical Group; and

The complete home health care records of the Participant.

### 3. *Defendant Jeffrey P. Angwin, as the Trustee of the Susan E. Allen Trust, Dated August 7, 2015.*

The Trust is administered in Bothell, Washington.

Investigation and discovery are ongoing regarding documents, data compilations, and other tangible things which the Trust may use to support its contention that it is the beneficiary under the Plan. The documents relevant to this action will include, but are not limited to, the following:

    i. Documents that evidence Participant's soundness of mind and mental capacity from at least January 2015 until her death; and

    ii. Documents that evidence Participant's signature as it pertains to her signature on the Trust Designation.

The Trust reserves the right to amend or supplement this disclosure at any time after additional information becomes known.

### E. Damages.

*Plaintiff's Statement Regarding Damages:*

The dispute concerns the Participant's benefit in the Plan. As of January 26, 2017, the value of Participant's account in the Plan was $473,010.74. The amount is subject to change depending upon the market value of the assets in Participant's account.

*Defendant Allen's Statement Regarding Damages:*

Defendant Allen estimates that potential economic and noneconomic damages range from $275,000.00 to $675,000.00, inclusive of recoverable costs and attorneys' fees.

*Defendant Trust's Statement regarding Damages:*

Defendant Trust has been damaged in the amount of attorneys' fees expended by the Trust as a result of Defendant Allen's meritless claim.

### F. Insurance.

Plaintiff is not aware of any insurance that would cover all or part of any

judgment in this matter.

**G.    Motions.**

Plaintiff does not intend to file any motions in this case, aside from its motion to be discharged, as set forth under Section M below.

*Defendant Allen's Anticipated Motions:*

Defendant Allen does not anticipate the need for any motions at this time.

*Defendant Trust's Anticipated Motions:*

The Parties have not engaged in discovery.  Defendant Trust reserves its right to file motions, discovery or otherwise, as this case progresses.

**H.    Manual for Complex Litigation.**

Not applicable.

**I.    Status of Discovery.**

The Parties have not engaged in any discovery to date.

**J.    Discovery Plan.**

The Parties intend to exchange initial disclosures by March 1, 2017.

*Defendant Allen's Discovery Plan:*

Initial written discovery to be propounded by April 7, 2017:

    a.  Requests for admissions and special interrogatories propounded to defendant Angwin;

    b.  Requests for production of documents as necessary propounded to defendant Angwin;

    c.  Document subpoenas for production of medical records and home health care records of the Participant;

2.  Depositions to be completed by discovery cut-off, 30 days before trial:

    a.  Deposition of defendant Angwin;

    b.  Depositions of other percipient witnesses as necessary.

3.  Expert discovery to be completed by 30 days prior to trial:

    a.  Exchange expert witness reports;

      b. If necessary, depositions of any experts identified by defendant Angwin;

4. Additional discovery as necessary.

***Defendant Trust's Discovery Plan:***

Defendant Trust anticipates engaging in the following discovery:

1. Written discovery including:

    a. Requests for production of documents;

    b. Requests for admissions;

    c. Form interrogatories; and

    d. Special interrogatories.

2. Depositions of Defendant Allen, certain witnesses identified by Defendant Allen and expert depositions.

3. Subpoenas to obtain documents from non-parties, if necessary.

**K.**    **Discovery Cut-off.**

The Parties ask the Court to refer to Exhibit A regarding the parties' proposed discovery cut-off deadlines.

**L.**    **Expert Discovery.**

The Parties ask the Court to refer to Exhibit A regarding the parties' proposed deadlines for expert witness disclosures (initial and rebuttal) and expert discovery cut−off.

**M.**    **Dispositive Motions.**

Plaintiff intends to file a motion for leave to deposit Participant's benefits under the Plan into the Court's registry. Plaintiff's motion will request that, after the funds are deposited, Plaintiff be discharged from this action. Plaintiff reserves its rights to seek its attorney's fees and costs in connection with that motion from the fund to be deposited into the Court's registry. To avoid any unnecessary law and motion practice, Plaintiff intends to seek a stipulation from Defendants to this effect, but reserves its right to file said motion if the Defendants do not agree to these terms.

*Defendant Allen's Anticipated Dispositive Motions:*

Defendant Allen does not expect to file any dispositive motions at this time, but reserves the right to do so as facts are discovered.

*Defendant Trust's Anticipated Dispositive Motions:*

The Parties have not engaged in discovery. Defendant Trust reserves its right to file a Motion for Summary Judgment.

**N.     Settlement/Alternative Dispute Resolution (ADR).**

The Parties have not engaged in any settlement discussions or written communications. The Parties agree that this case is best suited for the Court's Mediation Panel.

**O.     Trial Estimate.**

*Plaintiff's Anticipated Number of Witnesses:*

Plaintiff anticipates that this case may be resolved in a one-day court trial. Plaintiff does not anticipate calling any witnesses.

*Defendant Allen's Anticipated Number of Witnesses:*

Defendant Allen expects to call between 6 and 8 witnesses in support of his case-in-chief and anticipates that a jury trial will require a whole four (4) days. Defendant Allen reserves the right to cross-examine all witnesses, and to call rebuttal witnesses.

*Defendant Trust's Anticipated Number of Witnesses:*

Defendant Trust anticipates that resolution of this case requires a three-day court trial. Discovery is ongoing. Therefore, Defendant Trust does not have complete knowledge at this time regarding all individuals likely to have discoverable information. At this time, Defendant Trust identifies the following individuals likely to have discoverable information that Defendant Trust intends to use to support its position in this action:

1.     Jeffrey P Angwin, Trustee of the Susan E. Allan Trust, Dated August 7, 2015. This witness was a close friend of Participant, and has discoverable

information regarding Participant's state of mind, intentions and wishes at the time Participant executed the Trust Designation. This witness is reachable through Defendant Trust's counsel.

2. Dorothy Angwin. This witness was a close friend of Participant, and has discoverable information regarding Participant's state of mind, intentions and wishes at the time Participant executed the Trust Designation. This witness is reachable through Defendant Trust's counsel.

3. Randall Armour, Esq. This witness drafted Participants estate planning documents. To the extent that said information is not covered by any attorney-client privilege, this witness will have information regarding Participant's state of mind, intentions and wishes before, and at the time that, Participant executed the Trust Designation. This witness's contact information is available on the California State Bar website.

4. Molly Hodson. This witness was a life-long friend of Participant, and has discoverable information regarding Participant's state of mind, intentions and wishes at the time Participant executed the Trust Designation. This witness is reachable at 25226 Avenida Rondel, Santa Clarita, CA 91355; 661-609-2944.

5. Renee Kaehny. This witness was a close friend of Participant, and has discoverable information regarding Participant's state of mind, intentions and wishes at the time Participant executed the Trust Designation. This witness is reachable at 22633 Decoro Drive, Saugus, CA 91235; 661-618-5205.

6. Michael Kaehny. This witness was a close friend of Participant, and has discoverable information regarding Participant's state of mind, intentions and wishes at the time Participant executed the Trust Designation. This witness is reachable at 22633 Decoro Drive, Saugus, CA 91235; 661-714-3109.

7. Jackie Urlik. This witness was a close friend of Participant, and has discoverable information regarding Participant's state of mind, intentions and wishes at the time Participant executed the Trust Designation. This witness is reachable at

1333 Rossmoyne Avenue, Glendale, CA 91207; 818-395-5532.

      8.    Joy Urlik. This witness was a close friend of Participant, and has discoverable information regarding Participant's state of mind, intentions and wishes at the time Participant executed the Trust Designation. This witness is reachable at 1333 Rossmoyne Avenue, Glendale, CA 91207; 818-645-2243.

      9.    Bill Allen. This witness was Participant's brother, and close friend. This witness has discoverable information regarding Participant's state of mind, intentions and wishes at the time Participant executed the Trust Designation. This witness is reachable at 13800 84th Street NE, Lake Stevens WA 98258; 425-971-3620.

      10.    Ruth Allen. This witness was Participant's sister-in-law, and close friend. This witness has discoverable information regarding Participant's state of mind, intentions and wishes at the time Participant executed the Trust Designation. This witness is reachable at 13800 84th Street NE, Lake Stevens WA 98258; 425-971-3620.

      11.    Mia Theodeoratus. This witness was a close friend of Participant, and has discoverable information regarding Participant's state of mind, intentions and wishes at the time Participant executed the Trust Designation. This witness is reachable at 944 Marcy Avenue, Apartment 2C, Brooklyn, NY 11206; 917-696-2314.

      12.    Expert Witnesses: Defendant Trust anticipates using a least the following category of expert witnesses: (i) a handwriting expert to testify as to the authenticity of Participant's signature on the Trust Designation; and (2) a medical expert to testify as to Participant's mental capacity, soundness of mind and overall medical condition at the time of the Trust Designation.

### P. Trial Counsel.

If necessary (i.e., in the event Plaintiff is not discharged and dismissed upon interpleading the funds at issue with the Court), trial counsel for Plaintiff will be

Joseph C. Faucher, of Trucker Huss, APC. Trial counsel for Defendant Trust will be Taylor F. Williams, of Donahoe &Young, LLP. Trial counsel for Defendant Anthony A. Allen will be Charles E. Ruben.

**Q.     Independent Expert or Master.**

The Parties do not believe that the appointment of an independent expert or master is warranted in this action.

**R.     Timetable.**

See Exhibit A attached hereto.

**S.     Other Issues.**

The Parties are not aware of any other issues at this time.

DATED: February 17, 2017                TRUCKER ✦ HUSS

By: /s/ *Joseph C. Faucher*
    Joseph C. Faucher
    Dylan D. Rudolph
    Attorneys for Plaintiff
    CALIFORNIA INSTITUTE OF THE ARTS, as Plan Administrator of the California Institute of the Arts Retirement Plan

DATED: February 17, 2017                DONAHOE & YOUNG, LLP

By: /s/ *Taylor F. Williams*
    Taylor F. Williams
    Attorneys for Defendant
    JEFFREY P. ANGWIN, as Trustee of the Susan E. Allen Trust, Dated August 7, 2015

//
//
//

| | | |
|---|---|---|
| DATED: February 17, 2017 | | LAW OFFICES OF CHARLES E. RUBEN |
| | By: | /s/ *Charles E. Ruben* |
| | | Charles E. Ruben |
| | | Attorney for Defendant and Cross-Claimant |
| | | ANTHONY A. ALLEN |

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), Plaintiff attests on the signature page of the document that Taylor F. Williams and Charles E. Ruben, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: February 17, 2017          By: /s/ *Joseph C. Faucher*
                                       Joseph C. Faucher

JOINT CASE MANAGEMENT STATEMENT; Case No. 2:16-cv-07284-DSF-JCx     13

164224.v7

# SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: *California Institute of the Arts v. Anthony A. Allen, et al.*

CASE NO.:    2:16-cv-07284-DSF-JCx

| Matter | Time | Weeks before trial | Defendant Allen's Request | Defendant Trust's Request | Court's Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length ____ days) (**Tuesday**) | 8:00 am | | 4 days | 3 days | |
| For Court Trial Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | Not applicable | 3 | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine | 3:00 pm | 4 | 4 weeks prior | 4 | |
| For Jury Trial Lodge Pretrial Conference Order, LR 16−7; File Agreed Set of Jury Instructions and Verdict Forms; File Statement Regarding Disputed Instructions, Verdicts, etc.; File Oppositions to Motions in Limine | | 6 | 6 weeks prior | 6 | |
| For Jury Trial File Memo of Contentions of Fact and Law, LR 16−4; Exhibit & Witness Lists, LR 16−5,6; File Status Report Regarding Settlement; File Motions in Limine | | 7 | 7 weeks prior | 7 | |
| Last date to conduct ADR Proceeding, LR 16−15 | | 12 | 12 weeks prior | 12 | |
| Last day for **hearing** motions, LR 7 | | 14 | 6 weeks prior | 14 | |
| Non−expert Discovery Cut−off | | | 4 weeks prior | 4 | |
| Expert Disclosure (initial) | | | 16 weeks prior | 12 | |
| Expert Disclosure (rebuttal) | | | 12 weeks prior | 8 | |
| Expert Discovery Cut−off | | | 4 weeks prior | 4 | |
| Last Date to Amend Pleadings or Add Parties | | | May 31, 2017 | March 31, 2017 | |
| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court's Order |

LR 16−15 ADR Choice:    ☐ 1.  USMJ          ☐ 3.      Outside ADR

**x** 2.  Attorney Settlement Panel

# Exhibit A

JOINT CASE MANAGEMENT STATEMENT; Case No. 2:16-cv-07284-DSF-JCx            14

164224.v7