CHARLES E. RUBEN, ESQ., State Bar #54456
LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
SUITE 1840
11111 SANTA MONICA BOULEVARD
LOS ANGELES, CALIFORNIA 90025-3333
TEL (310) 445-4101  FAX (310) 445-4108
CHARLES@CHARLESRUBENLAW.COM

Attorneys for Defendant in Interpleader
and Crossclaimant Anthony A. Allen

[SPACE BELOW FOR FILING STAMP ONLY]

UNITED STATES DISTRICT COURT

WESTERN DIVISION

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INSTITUTE OF THE ARTS, in its Capacity as Plan Administrator of the California Institute of the Arts Retirement Plan,<br><br>   Plaintiff in Interpleader,<br><br>v.<br><br>ANTHONY A. ALLEN, an individual, and JEFFREY P. ANGWIN, as Trustee of the Susan E. Allen Trust, Dated August 7, 2015,<br><br>   Defendants in Interpleader.<br><br>───────────────<br><br>ANTHONY A. ALLEN,<br><br>   Cross-claimant,<br><br>v.<br><br>JEFFREY P. ANGWIN, individually and as Trustee of the Susan E. Allen Trust, dated August 7, 2015,<br><br>   Cross-defendant. | CASE NO.  2:16-CV-07284-DSF (JCX)<br><br>**Honorable Dale S. Fischer**<br><br>CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015<br><br>[DEMAND FOR JURY TRIAL] |

1

Allen/Plead/Cross-claim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

Case 2:16-cv-07284-DSF-JC   Document 40   Filed 02/24/17   Page 2 of 16   Page ID #:186

COMES NOW the Crossclaimant, ANTHONY A. ALLEN ("Mr. ALLEN" or "ANTHONY" or "Crossclaimant"), who hereby makes this Crossclaim against JEFFREY P. ANGWIN, individually and as Trustee of the Susan E. Allen Trust, dated August 7, 2015 ("Mr. ANGWIN" or "Crossdefendant"), and DOES 1 through 10, inclusive, as follows:

## JURISDICTION AND PARTIES

1. By way of First Amended Complaint for Interpleader and Declaratory Relief, Cal Arts named Mr. ALLEN and Mr. ANGWIN as Defendants in Interpleader and alleged this Court has subject matter jurisdiction over its action pursuant to Section 502(e) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e) and (f). By way of Answer, Mr. ALLEN admits that this Court has subject matter jurisdiction over the claims alleged by Cal Arts.

2. By way of Answer, Mr. ANGWIN also admits that this Court has subject matter jurisdiction over the claims alleged by Cal Arts.

3. The crossclaims alleged by Mr. ALLEN against Mr. ANGWIN herein arise under the statutory and common law of the State of California, as more specifically alleged below.

4. The crossclaims alleged by Mr. ALLEN against Mr. ANGWIN herein are permissive crossclaims against a coparty within the meaning of Fed.R.Civ.P. 13(g), in that all of the claims arise out of the same transaction or occurrence that is the subject matter of the original action, and the claims also relate to property that is the subject matter of the original action.

5. As an independent basis for subject matter jurisdiction over the crossclaims alleged herein, the amount in controversy exceeds the sum of $75,000.00 and Mr. ANGWIN and Mr. ALLEN are citizens of different states, such that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

Allen/Plead/Crossclaim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

6. This Court has personal jurisdiction over Mr. ANGWIN both individually and in his capacity as the Trustee of the Susan E. Allen Trust dated August 7, 2015, for the reasons that: (a) Mr. ANGWIN has already filed an appearance herein in his capacity as the Trustee of the Susan E. Allen Trust dated August 7, 2015; (b) the Susan E. Allen Trust dated August 7, 2015, was purportedly created under and governed by the laws of the State of California; and (c) as more specifically alleged below, Mr. ANGWIN purposefully directed his activities toward residents of the State of California, and purposefully availed himself of the privilege of conducting activities within the State of California, both before and after his purported appointment as the Trustee of the Susan E. Allen Trust dated August 7, 2015.

7. At all times material, Mr. ANGWIN was the stepfather of Mr. ALLEN (hereinafter "ANTHONY") and Susan E. Allen, deceased (hereinafter "SUSAN").

8. At all times material, ANTHONY and SUSAN were brother and sister, and both resided in Los Angeles County, California.

## STATEMENT OF FACTS

9. SUSAN graduated with a Bachelors in Fine Arts in Music Performance from Cal Arts in 1973 and was subsequently employed by Cal Arts as a distinguished member of the faculty for over thirty years between 1983 and 2015. At the end of her career in 2015, SUSAN was the Associate Dean for Academic Affairs in the Herb Alpert School of Music at Cal Arts and held the Nicholas M. England Chair in Music.

10. Crossclaimant is informed and believes and thereon alleges that on or about March 21, 2015, SUSAN designated ANTHONY as the one hundred percent (100%) beneficiary of her Cal Arts Retirement Plan account. The designation of beneficiary form was completed and submitted online by SUSAN to the funding agent of the Plan, Transamerica Retirement Solutions, LLC.

Allen/Plead/Cross-
claim Against Angwin-
022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY
AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

11. Crossclaimant is informed and believes and thereon alleges that on or about the aforementioned date in March, 2015, SUSAN also designated ANTHONY as the beneficiary of both her checking and savings accounts held at Logix Federal Credit Union.

12. On or about mid June, 2015, SUSAN was diagnosed with small cell lung cancer at Henry Mayo Newhall Memorial Hospital, which at the time of diagnosis had already metastasized to her liver and bones. Subsequently, SUSAN was discharged to home health care assistance because she was bed ridden, had difficulty ambulating and was unable to self sufficiently provide for her own basic needs.

13. Thereafter, because ANTHONY was SUSAN's only immediate family member residing in Southern California, ANTHONY assumed various responsibilities associated with SUSAN's ongoing medical care and treatment, including service as a liaison between her medical providers and home health care staff, and otherwise assuring that SUSAN was provided with basic necessities and appropriate care and treatment.

14. On or about late July, 2015, Mr. ANGWIN made the first of several trips from Washington to visit with SUSAN at her home in Valencia, California. On or about the same time, Mr. ANGWIN made an offer to SUSAN to provide her with a room in his house in Washington where she could convalesce. Mr. ANGWIN, who is licensed as a realtor in the State of Washington, was also introduced to SUSAN's local realtor, Mary "Molly" Hodson.

15. Beginning on or about Sunday, August 2, 2015, SUSAN's mental condition rapidly deteriorated, such that she no longer possessed the cognitive ability to engage in rational decision making. On said day, SUSAN suddenly discharged her entire home health care staff, who in turn called for assistance from local emergency medical technicians prior to leaving her completely unattended. After several hours, under persuasion from ANTHONY and paramedics on the scene, SUSAN reversed her decision to discharge her home health care staff.

Allen/Plead/Cross-claim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

16. Also on Sunday, August 2, 2015, the day that Mr. ANGWIN was returning to Washington from a visit at SUSAN's home in California, Mr. ANGWIN told ANTHONY that he "tried to discuss some estate planning" with SUSAN but that "she wouldn't have anything to do with it." At the same time, Mr. ANGWIN was aware that SUSAN had previously designated ANTHONY as the beneficiary of her Cal Arts Retirement Plan account.

17. Due to a report from one of SUSAN's music students at Cal Arts, Sarah Rice, that SUSAN was often incoherent and talking to herself, ANTHONY arrived at SUSAN's home with Ellie Choate, another professional harpist, where they both attempted to persuade SUSAN to visit her treating physician. However, SUSAN refused to submit to medical care.

18. On or about Wednesday, August 5, 2015, ANTHONY again returned to SUSAN's home with Bill Powell, a long-time colleague of SUSAN's who was also the faculty at Cal Arts, where they both attempted to persuade SUSAN to visit her treating physician. Once again, SUSAN refused to submit to medical care.

19. Later in the evening of August 5, 2015, Mr. ANGWIN called ANTHONY from Washington to inquire about the status of any estate planning that may have been undertaken with SUSAN subsequent to his departure on August 2, 2015. ANTHONY informed Mr. ANGWIN of SUSAN's deteriorating condition and opined that SUSAN was not currently competent to make a will or otherwise engage in any estate planning.

20. Subsequently, Crossclaimant is informed and believes and thereon alleges that Mr. ANGWIN was desperate to have SUSAN complete a will before her condition deteriorated any further. To that end, Mr. ANGWIN persuaded and instructed SUSAN's local realtor, Mary "Molly" Hodson, to bring an estate planning attorney of Ms. Hodson's choice to SUSAN's home for the purpose of preparing a will. Crossclaimant is further informed and believes that Mr. ANGWIN broadly instructed Ms. Hodson as to the general distribution of gifts to be made from SUSAN's testate estate, such that Mr.

5

Allen/Plead/Crossclaim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

1   ANGWIN would be the devisee entitled to the great majority of SUSAN's testate estate.
2   At the same time, Mr. ANGWIN guaranteed that Ms. Hodson would be the exclusive
3   listing agent for the sale of SUSAN's condominium following her death.

4   21.  At all times material, in the absence of a will, SUSAN's entire intestate estate
5   would have passed under the laws of intestate succession of the State of California to
6   SUSAN's surviving mother, Mrs. Dorothy Angwin.

7   22.  Crossclaimant is informed and believes and thereon alleges that or about
8   Friday, August 7, 2015, Ms. Hodson brought attorney Randall Armour to SUSAN's
9   home in Valencia, California, for the purpose of drafting a pour over will and a revocable
10  intervivos trust. Pursuant to Mr. ANGWIN's instructions, as passed on to Ms. Hodson,
11  Mr. ANGWIN was designated as the attorney in fact for SUSAN under a durable power
12  of attorney, to be effective for the remainder of SUSAN's life.  Mr. ANGWIN was also
13  designated as the successor trustee of the Susan E. Allen Trust dated August 7, 2015, as
14  well as the executor of her will, such that he would continue to exercise complete
15  dominion and control over SUSAN's estate following her death.

16  23.  Under the distribution to made by the terms of the Susan E. Allen Trust dated
17  August 7, 2015, Mr. ANGWIN would be entitled to one hundred percent (100%) of
18  SUSAN's personal property.  Mr. ANGWIN would also be entitled to a seventy five
19  percent (75%) share of the net assets comprising the estate, while SUSAN's three
20  surviving brothers (William, Anthony and Brooks) would be entitled to one-third each
21  of the remaining twenty five percent (25%).  Furthermore, at the same time, SUSAN's
22  sister, Wendy A. Allen, was expressly disinherited under the terms of the Trust.

23  24.  At all times material, the distribution to be made under the terms of the Trust
24  was unnatural. Under the terms of the Trust, SUSAN's natural mother, Mrs. Dorothy
25  Angwin, was completely unrecognized and entitled to no distribution whatsoever.
26  Furthermore, it was Mr. ANGWIN rather than SUSAN who loathed and despised
27  SUSAN's sister, Wendy A. Allen.  The token distribution to SUSAN's three brothers

6

Allen/Plead/Crossclaim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

was intended to imbue the estate plan with a facade of normalcy, when in fact the great majority of the estate was diverted to the personal benefit of Mr. ANGWIN. Finally, the estate plan made no provision whatsoever which would operate to recognize and preserve SUSAN's legacy as a world class musician and devoted mentor to hundreds of students during her tenure as a distinguished member of the faculty at Cal Arts, in the form of an endowment or otherwise.

25. Subsequently, later on the same day that the Will and Trust were executed, SUSAN's home health care staff determined that SUSAN's condition had deteriorated to the point that emergency medical intervention was warranted. In the evening of August 7, 2015, SUSAN's home health care staff arranged for SUSAN to be transported via ambulance to Henry Mayo Newhall Memorial Hospital, where she was admitted to the Intensive Care Unit. Crossclaimant is informed and believes and thereon alleges that sometime over the weekend of August 8 and August 9, 2015, a brain scan was ordered by SUSAN's physicians, which showed that the cancer had metastasized to SUSAN's brain, resulting in a brain tumor. SUSAN never again returned to her home in Valencia, but was eventually discharged and admitted as an inpatient to Rinaldi Convalescent Hospital in Granada Hills, California, a 24-hour health facility.

26. On or about August 10, 2015, or shortly thereafter, SUSAN's treating oncologist, Dr. Dilprit Bagga, held a conference in SUSAN's room at Henry Mayo Newhall Memorial Hospital with Mr. ANGWIN and ANTHONY in attendance. The results of the brain scan were discussed and Dr. Bagga announced that palliative care was the only available treatment option for SUSAN in light of the brain tumor. In other words, there was no longer any viable hope of treating the cancer itself and of extending SUSAN's life expectancy.

27. Subsequently, crossclaimant is informed and believes and thereon alleges that during the week of August 10, 2015, Mr. ANGWIN made every effort to have the death benefits of SUSAN's Cal Arts Retirement Plan account redirected from ANTHONY to

7

Allen/Plead/Cross-claim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

the Trust. On or about August 14, 2015, SUSAN purportedly executed a beneficiary designation form whereby the new beneficiary of the Plan was purportedly changed to the Susan E. Allen Trust dated August 7, 2015. However, as more specifically alleged below, Crossclaimant alleges that the beneficiary designation form dated August 14, 2015, was either fraudulently completed and executed by someone other than SUSAN, or in the alternative, that SUSAN was not of sound mind and was subject to undue influence at the time she executed the beneficiary designation form.

28. Crossclaimant is informed and believes and thereon alleges that sometime subsequent to August 7, 2015, Mr. ANGWIN prematurely withdrew the sum of $75,000.00 from SUSAN's Cal Arts Retirement Plan account under the authority of the aforementioned Power of Attorney. As more specifically alleged below, SUSAN understood that the funds prematurely withdrawn were to be applied to any necessary expenses associated with her medical care and treatment.

29. Crossclaimant is informed and believes and thereon alleges that on or about August 22, 2015, or shortly thereafter, Mr. ANGWIN arranged for and had SUSAN transferred via "Medevac" flight (aka air ambulance) from Los Angeles to Seattle, Washington. As more specifically alleged below, the funds for the flight (approx. $20,000.00) were intentionally withdrawn by Mr. ANGWIN from one of SUSAN's accounts at Logix Federal Credit Union, when Mr. ANGWIN knew that any funds remaining in the account at the time of SUSAN's death would be payable to ANTHONY.

30. Upon arrival in Seattle, SUSAN was placed with Evergreen Hospice in Kirkland, Washington, where she remained until she passed away on September 7, 2015.

8

Allen/Plead/Cross-
claim Against Angwin-
022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY
AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

# FIRST CLAIM FOR RELIEF
# FOR FRAUD - MISREPRESENTATION
### (Against Crossdefendant JEFFREY P. ANGWIN)

31. Crossclaimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 though 30, as if fully set forth herein.

32. Crossclaimant is informed and believes and thereon alleges that the designation of beneficiary form alleged above (¶ 27) was completed and executed by Mr. ANGWIN, either in whole or in part, or in the alternative, by Mr. ANGWIN's agent acting pursuant to his direction and control.

33. At all times material, Mr. ANGWIN knew that the designation of beneficiary form was completed and/or executed by someone other than the Plan Participant and that the beneficiary form did not reflect SUSAN's true intent, but nevertheless proceeded to present the form to Cal Arts with the specific intention that Cal Arts rely on the authenticity of the completed form.

34. In turn, Cal Arts relied on the authenticity of the completed form in the determination of the proper beneficiary under the Plan existing at the time of SUSAN's death. But for the submission of the fraudulently completed form, ANTHONY would be deemed to be the proper beneficiary of SUSAN's benefits under the terms of the Plan.

35. As a direct and proximate result of the aforementioned misrepresentation, Crossclaimant has incurred damages in the form of attorney's fees and costs associated with disputing the determination of the proper beneficiary of SUSAN's benefits under the Plan in the case at bar.

Allen/Plead/Crossclaim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

## SECOND CLAIM FOR RELIEF
## FOR FRAUD - UNDUE INFLUENCE
### (Against Crossdefendant JEFFREY P. ANGWIN)

36. Crossclaimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 though 30, as if fully set forth herein.

37. At all times material subsequent to on or about August 2, 2015, SUSAN was extremely vulnerable to excessive persuasion due to her infirm medical condition, impaired cognitive function, emotional distress and dependency on others for the provision of daily basic needs.

38. At all times material subsequent to on or about August 2, 2015, Mr. ANGWIN knew of SUSAN's vulnerability and sought to take advantage of her vulnerability for his own personal benefit.

39. At all times material, Mr. ANGWIN held himself out to SUSAN, both directly and indirectly through his agent, Ms. Hodson, as the family member who was best suited to protect her and provide for her daily basic needs.

40. Mr. ANGWIN also gained ostensible authority subsequent to August 7, 2015, as a result of being designated as the attorney in fact for SUSAN while she was alive, as the executor of SUSAN's will, and as the Successor Trustee of the Susan E. Allen Trust dated August 7, 2015.

41. At all times material subsequent to August 7, 2015, Mr. ANGWIN knew that the Letters of Instruction prepared by the estate planning attorney who drafted the Trust specifically instructed SUSAN to not change the ownership or beneficiary designation of any IRAs or other tax-deferred assets following the execution of the Trust and Will.

42. On or about August 10, 2015, or shortly thereafter, when SUSAN's treating oncologist, Dr. Bagga, announced the results of the brain scan and the definitive prognosis that SUSAN's condition was terminal, SUSAN became even more fearful, insecure and vulnerable. In addition, SUSAN's cognitive functions continued to decline

10

Allen/Plead/Crossclaim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

as a result of the brain tumor and the continuous administration of heavy narcotics, such that she was no longer possessed the capacity to exercise her free will.

43. Crossclaimant is informed and believes and thereon alleges that at the time the designation of beneficiary form was presented to SUSAN for her execution on or about August 14, 2015, the form had been completed in whole or in part by Mr. ANGWIN or his agent acting pursuant to his direction and control. At said time, SUSAN was substantially incapacitated, was under the influence of heavy pain medication, and did not understand the nature of the document and the natural objects of her bounty. Crossclaimant is further informed and believes that Mr. ANGWIN, either personally or through his agent acting pursuant to his direction and control, exercised excessive persuasion over SUSAN in a deliberate effort to redirect the death benefits of SUSAN's Cal Arts Retirement Plan account from ANTHONY to the Trust.

44. At all times material, Mr. ANGWIN knew that the designation of beneficiary form dated August 14, 2015, had been procured by undue influence, that the change in beneficiary was contrary to the instructions of SUSAN's estate planning attorney, and that the beneficiary form did not reflect SUSAN's true intent, but nevertheless proceeded to present the form to Cal Arts with the specific intention that Cal Arts rely on the authenticity of the completed form.

45. In turn, Cal Arts relied on the authenticity of the completed form in the determination of the proper beneficiary under the Plan existing at the time of SUSAN's death. But for the submission of the fraudulently completed form, ANTHONY would be deemed to be the proper beneficiary of SUSAN's benefits under the terms of the Plan.

46. As a direct and proximate result of the aforementioned misrepresentation, Crossclaimant has incurred damages in the form of attorney's fees and costs associated with disputing the determination of the proper beneficiary of SUSAN's benefits under the Plan in the case at bar.

Allen/Plead/Cross-claim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

## THIRD CLAIM FOR RELIEF

## FOR BREACH OF FIDUCIARY DUTY - TO THE SETTLOR

### (Against Crossdefendant JEFFREY P. ANGWIN)

47. Crossclaimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 though 30, as if fully set forth herein.

48. On or about August 7, 2015, Mr. ANGWIN was appointed as attorney in fact for SUSAN pursuant to a Durable Power of Attorney, and thereafter stood in a confidential relationship with SUSAN prior to her death.

49. At all times material, Mr. ANGWIN owed SUSAN a fiduciary of the highest good faith and utmost honesty in transactions entered on behalf of SUSAN pursuant to his power of attorney.

50. As alleged above in paragraph 25, Crossclaimant is informed and believes that sometime subsequent to August 7, 2015, Mr. ANGWIN prematurely withdrew the sum of $75,000.00 from SUSAN's Cal Arts Retirement Plan account. Of the total amount withdrawn, Crossclaimant is informed and believes that approximately $15,000.00 was applied and withheld by Transamerica Retirement Solutions, LLC, to SUSAN's federal income tax burden for the tax year 2015.

51. Crossclaimant is informed and believes that SUSAN understood and agreed that any and all funds prematurely withdrawn were to be applied by Mr. ANGWIN to any necessary expenses associated with her medical care and treatment.

52. By way of written request dated January 4, 2016, ANTHONY requested that Mr. ANGWIN provide an accounting of the disposition of any and all funds withdrawn from SUSAN's Retirement Plan account, but to date ANTHONY has received no response whatsoever from Mr. ANGWIN.

53. At all times material, Mr. ANGWIN owed SUSAN a duty to apply the funds as agreed to any necessary expenses associated with her medical care and treatment.

Allen/Plead/Crossclaim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

However, Crossclaimant is informed and believes that Mr. ANGWIN diverted the funds for his own personal benefit, in violation of his duty owed to SUSAN prior to her death.

54. As a direct and proximate result of the aforementioned breach of duty, the value of SUSAN's account in the Plan was reduced by the sum of at least $75,000.00, plus interest thereon from the date of withdrawal to the present.

55. Accordingly, ANTHONY has incurred damages in the sum of at least $75,000.00, plus interest thereon from the date of withdrawal to the present.

## FOURTH CLAIM FOR RELIEF
## FOR BREACH OF FIDUCIARY DUTY - TO THE BENEFICIARY
### (Against Crossdefendant JEFFREY P. ANGWIN)

56. Crossclaimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 though 30, as if fully set forth herein.

57. At the time of SUSAN's death on September 7, 2015, Mr. ANGWIN succeeded to SUSAN as the Trustee of the Susan E. Allen Trust dated August 7, 2015.

58. At all times subsequent to September 7, 2015, Mr. ANGWIN owed a fiduciary duty to the beneficiaries of the Trust, including but not limited to a duty to provide information pursuant to California Probate Code section 16061 and to account at least annually as provided by California Probate Code section 16062(a).

59. By way of letter dated July 7, 2016, ANTHONY demanded a first annual account from the Trust pursuant to California Probate Code section 16062(a), as well as information from the Trust pursuant to California Probate Code section 16061.

60. To date, ANTHONY has yet to receive any accounting, information or any other correspondence from the Trust in response to his written demand.

61. Pursuant to California Probate Code section 16400, a violation by a trustee of any duty that the trustee owes the beneficiary constitutes a breach of trust.

62. As a direct and proximate result of the aforementioned breach of duty, ANTHONY has incurred damages in a sum to be determined at the time of trial.

Allen/Plead/Crossclaim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

# FIFTH CLAIM FOR RELIEF
# INTENTIONAL INTERFERENCE WITH EXPECTED INHERITANCE
### (Against Crossdefendant JEFFREY P. ANGWIN)

63. Crossclaimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 though 30, paragraphs 32 through 35, paragraphs 37 through 46, and paragraphs 48 through 55, as if fully set forth herein.

64. At all times material, ANTHONY had a legitimate expectancy of receiving an inheritance in the form of death benefits to SUSAN's Cal Arts Retirement Plan account.

65. Beginning on or about July 2015, Mr. ANGWIN first became aware of ANTHONY's entitlement to death benefits under SUSAN's Cal Arts Retirement Plan account.

66. Subsequently, Mr. ANGWIN deliberately and knowingly made every effort to have the death benefits of SUSAN's Cal Arts Retirement Plan account redirected from ANTHONY to the Trust. To that end, Mr. ANGWIN committed fraud and exerted undue influence over SUSAN, as more specifically alleged above.

67. But for Mr. ANGWIN's tortious interference with ANTHONY's expectation of inheritance, the designation of beneficiary form dated March 21, 2015, would have been in full force and effect and ANTHONY would have been deemed the sole beneficiary of SUSAN's Cal Arts Retirement Plan account.

68. As a direct and proximate result of the tortious interference committed by Mr. ANGWIN, ANTHONY has incurred economic damages equivalent to the full value of SUSAN's Cal Arts Retirement Plan account.

69. As a further direct and proximate result of Mr. ANGWIN's tortious interference, ANTHONY has incurred noneconomic damages in a sum to be determined at the time of trial, inclusive of compensatory damages for mental anguish, discomfort and annoyance arising from said interference.

Allen/Plead/Crossclaim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

## PRAYER FOR RELIEF

WHEREFORE, Defendant in Interpleader and Crossclaimant ANTHONY A. ALLEN prays for legal and equitable relief as follows:

**On Crossclaimant's First Claim for Relief for Fraud - Misrepresentation:**

(1) For compensatory damages in the form of costs of suit incurred herein;

(2) For compensatory damages in the form of Crossclaimant's reasonable attorneys' fees; and,

(3) For such other legal and equitable relief as this Court deems just and proper.

**On Crossclaimant's Second Claim for Relief for Fraud - Undue Influence:**

(1) For compensatory damages in the form of costs of suit incurred herein;

(2) For compensatory damages in the form of Crossclaimant's reasonable attorneys' fees; and,

(3) For such other legal and equitable relief as this Court deems just and proper.

**On Crossclaimant's Third Claim for Relief For Breach of Fiduciary Duty - to the Settlor:**

(1) For compensatory damages in the sum of at least $75,000.00, plus interest thereon from the date of withdrawal to the present;

(2) For Crossclaimant's costs of suit incurred herein; and

(3) For such other legal and equitable relief as this Court deems just and proper.

**On Crossclaimant's Fourth Claim for Relief for Breach of Fiduciary Duty - to the Beneficiary:**

(1) For compensatory damages in a sum to be determined at the time of trial;

(2) For Crossclaimant's costs of suit incurred herein; and

(3) For such other legal and equitable relief as this Court deems just and proper.

Allen/Plead/Crossclaim Against Angwin-022317

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015

**On Crossclaimant's Fifth Claim for Relief for Intentional Interference with Expected Inheritance:**

(1) For economic damages equivalent to the full value of Participant's benefits under the Plan;

(2) For noneconomic damages in a sum to be determined at the time of trial;

(3) For Crossclaimant's costs of suit incurred herein; and

(4) For such other legal and equitable relief as this Court deems just and proper.

DATED: February 23, 2017

LAW OFFICES OF
CHARLES E. RUBEN

By: /s/ Charles E. Ruben
CHARLES E. RUBEN
Attorneys for Defendant in Interpleader
and Crossclaimant Anthony A. Allen

### DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38 and L.R. 38-1, Defendant demands a jury trial on any and all issues triable by a jury.

By: /s/ Charles E. Ruben
Charles E. Ruben

LAW OFFICES OF
CHARLES E. RUBEN, ESQ.
11111 SANTA MONICA BOULEVARD, SUITE 1840
LOS ANGELES, CALIFORNIA 90025-3333
(310) 445-4101
FAX (310) 445-4108

Allen/Plead/Crossclaim Against Angwin-022317

16

CROSSCLAIM OF ANTHONY A. ALLEN AGAINST JEFFREY P. ANGWIN, INDIVIDUALLY AND AS TRUSTEE OF THE SUSAN E. ALLEN TRUST, DATED AUGUST 7, 2015